UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRADER PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION G-14-254 |
| | § | |
| UNITED STATES OF AMERICA, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the court is defendants' motion to dismiss for lack of subject matter jurisdiction. Dkt. 14. After considering the motion, response, reply, and applicable law, the court finds that the motion should be GRANTED.

**I. BACKGROUND**

Plaintiff Trader Properties, LLC ("Trader") seeks a declaration that its lease with the United States and the United States Coast Guard ("USCG") is valid and legally binding. Dkt. 1. In 2006, the USCG executed a lease for real property located at 7707 Harborside Drive in Galveston, Texas with Ross Novelli (the "Lease"). Dkt. 1-1. The lease term extends through September 2026. *Id.* In 2012, Trader purchased the property from Mr. Novelli and became the successor in interest to Mr. Novelli's rights under the Lease. Dkt. 1. Plaintiff contends that in February 2013, USCG informed Trader that it wanted to terminate the lease early and relocate to another facility in 2015. Trader denied the request to terminate the lease early. *Id.*

After unsuccessfully attempting to negotiate a resolution, USCG sent Trader a letter stating that the Lease was executed without statutory authority and is therefore void. Dkt. 1-3. USCG requested that Trader execute a new lease that gave USCG an annual option to terminate. Dkt. 1 at

4. Trader refused to renegotiate the lease and filed this action seeking a declaratory judgment that the original lease is valid, binding, and enforceable. *Id.* USCG filed a motion to dismiss for lack of subject matter jurisdiction arguing that this case should properly have been brought in the Court of Federal Claims.

## II. LEGAL STANDARD

A party may challenge the subject matter jurisdiction of a district court pursuant to Federal Rule of Civil Procedure 12(b)(1). The party asserting jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court may consider any of the following in ruling on a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed faces in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). A claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Plaintiff claims this court has jurisdiction because a federal question is involved and because the United States is a defendant. 28 U.S.C. §§ 1331, 1346(a)(2).

## III. ANALYSIS

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity. The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). Courts must narrowly construe waivers of sovereign immunity in favor of the United States. *Id*.

2

Plaintiff cites the Administrative Procedure Act ("APA") as the basis for a waiver of sovereign immunity in this case. *See* 5 U.S.C. § 702. The APA allows claims against the government "in a court of the United Sates seeking relief other than money damages." *Id.* Trader relies exclusively on this language in arguing that the APA is applicable to this action which seeks only a declaration regarding validity of the Lease. However, nothing in the APA "(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Moreover, the APA limits judicial review to "[a]gency action[s] made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Whether plaintiff can assert a claim under the APA depends on whether an adequate remedy in a court is established elsewhere in the law. For the reasons detailed below, the court finds that there is an adequate remedy elsewhere, and plaintiff cannot proceed under the APA.

The Contract Disputes Act ("CDA") establishes a method for resolution of "all claims by a contractor against the government relating to a contract." 41 U.S.C. § 7103(a)(1). "When the [CDA] applies, it provides the exclusive mechanism for dispute resolution; the [CDA] was not designed to serve as an alternative administrative remedy, available at the contractor's option." *Dalton v Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir. 1995). Under the CDA, a government contractor must file any claim against the government with the contracting officer with responsibility for the contract at issue 41 U.S.C. § 7103(a). The officer's decision can be appealed to an agency board of contract appeals or the U.S. Court of Federal Claims. 41 U.S.C. § 7104(b)(1). "Section [7104] of the CDA precludes a contractor from filing suit in district court; a contractor may only file suit in the Court of Federal Claims." *Tex. Health Choice, L.C. v. Office of Personnel*

*Mgmt.*, 400 F.3d 895, 899 (Fed. Cir. 2005). "The purpose for centralizing the resolution of government contract disputes in the Court of Federal Claims, rather than in district court, is to ensure national uniformity in government contract law." *Id.* (citing *Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994)).

In determining whether the CDA applies to Trader's claims, the relevant inquiry is whether it is "at heart a contract case." *United States v. J&E Salvage Co.*, 55 F.3d 985, 989 (4th Cir. 1995). In determining whether a claim is essentially contractual, a court should consider "the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought." *A&S Council Oil Co., Inc. v. Lader*, 56 F.3d 234, 240 (D.C. Cir. 1995) (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959 (D.C. Cir. 1982)). Trader argues that its claim is not contractual in nature because Trader is not asking the court to interpret the provisions of the lease or for damages for breach of contract. Dkt. 15 at 7. "Plaintiff seeks a declaration that despite the reference to 14 U.S.C. § 672(b), the Lease is a valid and binding agreement pursuant to 14 U.S.C. § 92." *Id.* Plaintiff attempts to frame its claim as one of statutory construction and interpretation, but the court is not persuaded. "'It is well-established . . . that disguised contract actions may not escape the CDA.'" *U.S. v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting *J&E Salvage Co.*, 55 F.3d at 987). "[A] plaintiff may not avoid the jurisdictional bar of the CDA merely by alleging violations of regulatory or statutory provisions rather than breach of contract." *Ingersoll-Rand Co. v. U.S.*, 780 F.2d 74, 77 (D.C. Cir. 1985). The exclusive "source of the rights upon which plaintiff bases its claim" is the contract, and the only "type of relief sought" is a declaration that the contract is valid. While a determination of these rights will likely rely on application of other law—both statutory and common—the right being pursued is one that only potentially exists because of the contract between the parties. The wrongs plaintiff complains of are only potentially wrong because of the existence

4

of a contract. This is a contract case. As such, it is governed by the CDA, and it must be brought in the Court of Federal Claims, which has the jurisdiction to adjudicate Trader's claim on the merits.

## IV. Conclusion

Defendants' motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on March 16, 2015.

_____
Gray H. Miller
United States District Judge